IN THE MATTER OF THE HABEAS CORPUS OF WALTER JENNINGS.

*Court of General Sessions, of New York city — jurisdiction of — presumptions.*

CERTIORARI to review proceedings on *habeas corpus*, in which the writ was dismissed.

The commitment on which the relator was held showed, that at a Court of General Sessions held in and for the city and county of New York, the recorder presiding, it was adjudged, on the confession of the relator, that he was guilty of burglary in the third degree and that he was duly sentenced. It was claimed by the relator that the commitment was insufficient, because the General Sessions is an inferior court, and all the facts necessary to give it jurisdiction of the offense stated should have been set out.

The court at General Term said: "This view is erroneous. The confession of the relator is itself an admission of the jurisdiction of the court. If it were not, the result must be the same, because the Court of General Sessions is one of general criminal jurisdiction, having the power to hear, determine and punish according to law all crimes and misdemeanors whatsoever, including crimes punishable with death or imprisonment in the State prison for life. (3 R. S. [5th ed.], 310.) The crime of burglary in the third degree is one of which that court can take jurisdiction if committed within the county, and all presumptions are in favor of the jurisdiction exercised therefore, and of the validity of the judgment pronounced in reference to it. This presumption arises from its general criminal powers. (*The People ex rel. Tweed* v. *Liscomb,* 60 N. Y., 559.) The traverse did not present an issue on the subject, and the presumption was not rebutted."

*William F. Howe,* for the relator. *B. K. Phelps,* for the respondent.

Opinion by BRADY, J.; DAVIS, P. J., and DANIELS, J., concurred in the result.

Proceedings affirmed and *certiorari* dismissed.